[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION FOR DISQUALIFICATION (#102) AND MOTION FOR PROTECTIVE ORDER (#107)
The plaintiffs lack standing to challenge the defendants' representation of the Norwalk Inn Conference Center, Inc., ("Center"). "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justifiable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded." Mystic Marinelife Aquarium, Inc.v. Gill, 175 Conn. 483, 492, 400 A.2d 726 (1978). The proper venue for challenging the defendants' representation of the Center is in those cases where the defendants are representing the Center. Ignoring the above rule would put this court in CT Page 13778 jeopardy of violating another court's order with regard to the defendants' representation of the Center in related pending litigation.
By contrast, standing would be a non-issue if the Center was being represented by the defendants in this action because the court would be disqualifying a defendant that was representing a party in a case presently before the court. See Burgos v.Giannakakos, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344178 (November 23, 1998, Mottolesse, J.) (finding standing not to be an issue where a litigant is relying on an attorney-client relationship in another case as the basis for his complaint seeking disqualification of the attorney in his own case"). Accordingly, the plaintiffs' motion for disqualification is denied.
In addition, the defendants' cross-motion for sanctions and attorneys' fees based on harassment is denied as the plaintiffs have certainly raised what seem like meritorious arguments in favor of disqualifying the defendants from representing the Center in the related pending cases. Again, the arguments in favor of disqualification are not reached by this court as the defendants do not represent the Center in this action.
The defendants have also moved for a protective order barring the discovery of certain information noticed for deposition by the plaintiffs. See Schedule A appended to the Motion for Protective Order #107. "The extent of discovery and use of protective orders is clearly within the discretion of the trial judge." (Internal quotation marks omitted.) State Department ofTransportation v. Steinman, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 571964 (May 27, 1998, Hennessey, J.). Protective orders have been denied where the information sought is material to the litigation. See BetaSquared, Inc. v. Thor Designs, Superior Court, judicial district of Danbury, Docket No. 307139 (April 19, 1993, McGrath, J.). Here, the information sought is clearly material to the litigation because payment of attorneys' fees from corporate funds goes to proving the issue of breach of fiduciary duty and legal malpractice, the subject matter of this litigation. Moreover, the defendants have not made a showing of good cause as to why the protective order should issue. See Sabanosh v. Durant, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 054525 (December 17, 1997, Flynn, J.) (mandating a showing of good cause for a protective order to issue). The CT Page 13779 defendants' motion for a protective order is, therefore, denied insofar as it relates to all of the items noticed for deposition except item seven. The defendants' motion for a protective order is denied as to item seven inasmuch as this court orders disclosure with the caveat that Judge Karazin's previous orders with regard to item seven be upheld. Moreover, with regard to item one, the defendants are ordered to produce all documents noticed for deposition which are within their possession and control.
So ordered.
HICKEY, J.